**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

FEN BIAO CAI,
*On behalf of themselves and others similarly situated,*

                                      Plaintiffs,

      v.

SUSHI PARA MANHATTAN, CORP., SUSHI PARA,
ANDY ZHANG aka Ding Feng Zhang, SHENG R. DONG,
JOHN DOE, and JANE DOE.

                                 Defendants.
------------------------------------------------------------------X

**Case No: 1:18 CV 01126**

29 U.S.C. § 216(b)
COLLECTIVE ACTION &
F.R.C.P.23 CLASS ACTION

**Complaint**

Plaintiff, FEN BIAO CAI (hereinafter referred to as "Plaintiff"), on behalf of themselves and others similarly situated, by and through their attorney, THE LAW OFFICE OF JOHN S. YONG, P.C., hereby bring this complaint against Defendants, SUSHI PARA MANHATTAN, CORP., SUSHI PARA, ANDY ZHANG aka Ding Feng Zhang, SHENG R. DONG, JOHN DOE, and JANE DOE (hereinafter referred to as "Defendants").

## INTRODUCTION

1. This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants of the New York Labor Law (NYLL), arising from Defendant's various willful and unlawful employment policies, patterns and/or practices.

2. Plaintiffs allege pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage compensation, (3) breach of implied contract for reimbursement of all costs and expenses

of operating their delivery vehicles on behalf of Defendants, (4) liquidated damages, (5)

prejudgment and post-judgment interest; and/or (6) attorney fees and costs.

3. Plaintiffs further allege pursuant to New York Labor Law § 650 *et seq.* and 12 New York

Codes, Rules and Regulations §§ 146 ("NYCRR") that they are entitled to recover from

the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime wage

compensation, (3) breach of implied contract for reimbursement of all costs and expenses

of operating their delivery vehicles on behalf of Defendants, (4) up to five thousand

dollars ($5,000) per Plaintiff for Defendant's failure to provide a Time of Hire Notice

detailing rates of pay and payday, (5) up to five thousand dollars ($5,000) per Plaintiff for

Defendant's failure to provide a paystub that accurately and truthfully lists employee's

hours along with the name, employer's name, employer's address and telephone number,

employee's rate or rates of pay, any deductions made from employee's wages, any

allowances claimed as part of the minimum wage, and the employee's gross and net

wages for each pay day, (6) liquidated damages equal to the sum of unpaid minimum

wage, unpaid "spread of hours" premium, unpaid overtime in the amount one hundred

percent after April 9, 2011 under NY Wage Theft Prevention Act, (7) 9% simple

prejudgment interest provided by NYLL, (8) post-judgment interest, and (9) attorney fees

and costs.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction over this controversy under 29

U.S.C. § 216(b), 28 U.S.C. § 1331.

5. This Court has jurisdiction over state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

7. Plaintiff FEN BIAO CAI was employed by Defendant Sushi Para Manhattan Corp., with a primary address of 1461 Third Avenue, New York, NY 10028 as a deliveryman.

## DEFENDANTS

**Corporate Defendants**

8. Defendant, SUSHI PARA MANHATTAN, CORP., is a domestic business corporation organized under the law of the States of New York with a principal address at 1461 Third Avenue, New York, NY 10028.

9. Upon information and belief, Sushi Para Manhattan Corp., is a business engaged in interstate commerce that has gross sales in excess of $500,000 per year.

10. Upon information and belief, SUSHI PARA MANHATTAN, CORP., purchased and handled goods moved in interstate commerce.

11. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by SUSHI PARA MANHATTAN, CORP.

**Owner/Operator Defendants**

12. The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendant SUSHI PARA MANHATTAN, CORP., and as

one of the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law.

13. Upon personal knowledge of Plaintiff, Owner/Operator Defendant ANDY ZHANG aka Ding Feng Zhang, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SUSHI PARA, located at 1461 Third Avenue, New York, NY 100028.

14. Upon personal knowledge of the Plaintiff, Owner/Operator ANDY ZHANG aka Ding Feng Zhang, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with Sushi Para Manhattan Corp.

15. Upon personal knowledge of the Plaintiff, Owner/Operator Defendant SHENG R. DONG, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SUSHI PARA located at 1461 Third Avenue, New York, NY 100028.

16. Upon personal knowledge of the Plaintiff, Owner/Operator SHENG R. DONG, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with SUSHI PARA Manhattan Corp.

17. Upon personal knowledge of the Plaintiff, Owner/Operator Defendant JOHN DOE, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment,

and (4) maintained employee records at SUSHI PARA located at 1461 Third Avenue, New York, NY 100028.

18. Upon personal knowledge of the Plaintiff, Owner/Operator JOHN DOE, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with SUSHI PARA Manhattan Corp.

19. Upon personal knowledge of the Plaintiff, Owner/Operator Defendant JANE DOE, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at SUSHI PARA located at 1461 Third Avenue, New York, NY 100028.

20. Upon personal knowledge of the Plaintiff, Owner/Operator JANE DOE, acted intentionally and maliciously and is an employer pursuant to 29 U.S.C. § 203(d), and regulations promulgated thereunder, and NYLL § 2(d) and the regulations thereunder, and is jointly and severally liable with SUSHI PARA Manhattan Corp.

## STATEMENT OF FACTS

21. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

22. Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the hourly minimum wage rate for each hour worked while Plaintiff was employed by Defendants.

23. Defendants knowingly and willfully failed to pay Plaintiff his lawfully due overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given work week.

24. While employed by Defendants, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime.

25. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

26. Defendants knowingly and willfully failed to provide Plaintiff with Time of Hire Notice in English and Chinese (Plaintiff's primary language) reflecting true rates of pay and payday, as well as paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day as required by NYLL § 195(1).

27. Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for ever day in which Plaintiff worked over ten (10) hours would financially injure Plaintiff and violate state and federal laws.

28. Defendants willfully and intentionally committed widespread violations of the FLSA and NYLL.

**Plaintiff FEN BIAO CAI**

29. From on or about October 1, 2013 to November 10, 2017, Plaintiff FEN BIAO CAI was employed by Owner/Operator Defendant to work as a deliveryman for SUSHI PARA.

30. From October 1, 2013 to December 31, 2014, Plaintiff FEN BIAO CAI worked 6 days a week, every day except for Sunday, from 11:00 AM to 11:00 PM, a total of 12 hours a day, 72 hours per workweek.

31. From January 1, 2015 to December 31, 2015, Plaintiff FEN BIAO CAI worked 6 days a week, every day except Sunday, from 11:30 AM to 11:00 PM, a total of 11.5 hours a day, 69 hours per workweek.

32. From January 1, 2016 to the end of his employment in November 2017, Plaintiff FEN BIAO CAI worked 6 days a week, every day except for Thursday, from 11:30 AM to 11:00 PM, a total of 11.5 hours a day, 69 hours per workweek.

33. From the beginning of his employment in October 1, 2013 to May 31, 2016, Plaintiff FEN BIAO CAI was paid $1,200 per month in cash.

34. From June 1, 2016 to the end of his employment on November 31, 2017, Plaintiff FEN BIAO CAI was paid $1,300 per month in cash.

35. During his employment, Plaintiff FEN BIAO CAI was not given a fixed meal break.

36. During his employment, Plaintiff FEN BIAO CAI took his lunch in 10-15 minutes, and would have to continue to make deliveries if one came in.

37. During his employment, Plaintiff FEN BIAO CAI was not given a break during work hours.

38. At no point during his employment was Plaintiff FEN BIAO CAI informed by Defendants that Defendants were taking a tip credit towards the minimum wage.

39. Plaintiff FEN BIAO CAI was given side job responsibilities, which included, but were not limited to, preparing delivery orders, etc.

40. As a result, Plaintiff FEN BIAO CAI spent about 20% of his workweek doing these side jobs, which does not qualify as tipped work.

41. During Plaintiff's employment, Defendants knowingly and willfully failed to pay Plaintiff his lawfully owed overtime compensation of one and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given work week.

42. During his employment, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiffs bring this action individually and as class representative, individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at least the hourly minimum wage and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

44. Plaintiffs bring their NYLL claims pursuant to Federal Rules of Civil Procedure (FRCP) Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

45. All said persons, including Plaintiffs, are referred to herein as the "Class."

46. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related

to this action, their names and addresses are readily available from Defendants. Notice

can be provided by means permissible under said FRCP 23.

**Numerosity**

47. The proposed Class is so numerous that joinder of all members is impracticable, and the

disposition of their claims as a class will benefit the parties and the Court. Although the

precise number of such persons is unknown, and the facts on which the calculation of the

number is presently within the sole control of the Defendants, upon information and

belief, there are over twenty (20) members in this class.

**Commonality**

48. There are questions of law and fact common to the Class which predominate over any

questions affecting only individual class members, including:

a.  Whether Defendants employed Plaintiffs and the Class within the meaning of the

New York law;

b.  Whether Defendants wrongfully shifted its business expenses to Plaintiffs and

New York class members by demanding that they bear delivery expenses of the

employer;

c.  Whether Plaintiffs and Class members are paid at least the minimum wage for

each hour worked under the New York Labor Law;

d.  Whether Plaintiffs and Class members are entitled to and paid overtime under the

New York Labor Law;

e.  Whether Defendants maintained a policy, patter and/or practice of failing to pay

Plaintiffs and the Rule 23 Class spread of hours pay as required by the NYLL;

    f.   Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    g.   Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs and the Rule 23 Class' start of employment and/or timely thereafter;

    h.   Whether Defendants provided paystubs detailing full and accurate rates of pay and credits taken towards the minimum wage to Plaintiffs and the Rule 23 class on each pay day.; and

    i.   At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

**Typicality**

49. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime compensation. They were, furthermore, subject to illegal deductions. Defendants' corporate wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

**Adequacy**

50. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are

experienced and competent representing Plaintiffs in both class action and wage and hour

employment litigation cases.

**Superiority**

51. A class action is superior to other available methods for the fair and efficient adjudication

of the controversy, particularly in the context of wage and hour litigation where

individual Class members lack the financial resources to vigorously prosecute a lawsuit

against corporate defendants. Class action treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum

simultaneously, efficiently, and without the unnecessary duplication of efforts and

expenses that numerous individual actions engender. Because the losses, injuries and

damages suffered by each of the Individual Class members are small in the sense

pertinent to a class action analysis, the expenses and burden of individual litigation would

make it extremely difficult or impossible for the individual Class members to redress the

wrongs done to them. Further, important public interests will be served by addressing the

matter as a class action. The adjudication of individual litigation claims would result in a

great expenditure of Court and public resources; however, treating the claims as a class

action would result in a significant saving of these costs. The prosecution of separate

actions by individual members of the Class would create a risk of inconsistent and/or

varying adjudications with respect to the individual members of the Class, establish

incompatible standards of conduct for Defendants and resulting in the impairment of

class members' rights and the disposition of their interests through actions to which they

were not parties. The issues in this action be decided by means of common, class-wide

proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

52. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
### Violations of the Fair Labor Standards Act – Minimum Wage brought on behalf of the Plaintiffs and the FLSA Collective

53. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. During Plaintiff's employment, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly situated collective action members, for some or all of the hours they worked.

55. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

56. Defendants knowingly and willingly disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and Collective Class Members at the

statutory minimum wage when they knew or should have known such was due and that

failing to do so would financially injure Plaintiffs and Collective Action members.

## COUNT II.

### Violation of New York Labor Law – Minimum Wage Brought on behalf of Plaintiffs and Rule 23 Class

57. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

58. During Plaintiff's employment, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

59. During Plaintiff's employment, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the collective action members, for some or all of the hours worked.

60. An employer who fails to pay minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 1990 *et seq.*, §§ 650 *et seq.*, and one hundred percent (100%) after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

## COUNT III.

### Violations of the Fair Labor Standards Act – Overtime Wage Brought on behalf of the Plaintiffs and the FLSA Collective

61. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

62. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one half times (1.5x) the regular rate at which he or she is employed, or one and one half times (1.5x) the minimum wage, whichever is great. 29 U.S.C. § 207(a).

63. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

64. Defendants failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

65. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

66. The FLSA and supporting regulations required employers to notify employees of employment law requirements. 29 C.F.R. § 516.4.

67. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

68. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidence by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) hours per

week, when they knew or should have known that such was due and that failing to do so

would financially injure Plaintiff and Collective Action members.

## COUNT IV.

**Violation of New York Labor Law – Overtime Pay Brought on behalf of Plaintiffs and Rule 23 Class**

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. An employer who fails to pay minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011 and one hundred percent (100%) under NY Wage Theft Prevention Act, and interest.

71. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

72. Defendant's failure to pay Plaintiff their overtime pay violated the NYLL.

73. Defendant's failure to pay Plaintiff were not in good faith.

## COUNT V.

**Violation of New York Labor Law – Spread of Time Pay brought on behalf of Plaintiffs and Rule 23 Class**

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

75. The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

76. Defendant's failure to pay Plaintiff's spread-of-hours pay was not in good faith.

## COUNT VI.

### Violation of New York Labor Law – Failure to provide meal periods brought on behalf of Plaintiffs and Rule 23 Class

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. The NYLL requires that employees provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11:00 AM to 2:00 PM; an additional meal period between 5:00 PM to 7:00 PM, of at least twenty (20) minutes for employees whose shift started before 11:00 AM, and continues later than 7:00 PM; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six hours and starts between 1:00 PM and 6:00 AM. NYLL § 162.

79. Defendants failed to provide meal periods required by NYLL § 162 for every day that Plaintiffs and the Rule 23 class work or worked.

80. Though the Department of Labor commissioner may permit a shorter time to be fixed for meal periods than listed above, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

81. Defendant's failure to provide the meal periods required by NYLL § 162 was not in good faith.

## COUNT VII.

### Violation of New York Labor Law – Record Keeping Requirements Brought on behalf of Plaintiffs and Rule 23 Class

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Defendants did not maintain, establish and preserve Plaintiff's weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

84. As a result of Defendant's unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorney fees, pursuant to state law.

85. Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

86. Defendant's failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff was not in good faith.

## COUNT VIII.

### Violation of New York Labor Law – Time of Hire Wage Notice Requirement Brought on behalf of Plaintiffs and Rule 23 Class

87. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

88. The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week salary, piece, commission, or other; allowances, if any, claimed as a part of minimum

wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address of employer's main office or principal place of business, and a mailing address if difference; the telephone number of the employer. NYLL § 195-1(a).

89. Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

90. Defendants not only did not provide notice to each employee at the Time of Hire, but failed to provide notice to Plaintiff after such time as well.

91. Due to Defendant's violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000 together with costs and attorney fees pursuant to New York Labor Law. NYLL § 198(1-b).

## COUNT IX.

### Violation of New York Labor Law – New York Pay Stub Requirement brought on behalf of Plaintiffs and Rule 23 Class

92. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL § 195-1(d).

94. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiff's payday.

95. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorney fees pursuant to New York Labor Law § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

A. Authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all relevant persons that have been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied premium overtime wages;

B. Certification of this case as a collective action pursuant to FLSA;

C. Issuance of notice of pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

D.  A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

E.  An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

F.  An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due Plaintiffs and the Collective Action members plus compensatory and liquidated damages in the amount of one hundred percent (100%) under NY Wage Theft Prevention Act;

G.  An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. § 216;

H.  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday;

I.  Up to five thousand dollars ($5,000) per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

J.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to provide overtime compensation, "spread of hours" premium pursuant New York Labor Law;

K. An award of costs and expenses of this action together with reasonable attorney fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

L. The cost and disbursement of this action;

M. An award of prejudgment and post-judgment fees;

N. Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of the judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

O. Such other and further legal and equitable relief as this Court deems necessary, just, and proper.


Dated:          February 6, 2018


                                        The Law Office of John S. Yong, P.C.
                                        *Attorney for Plaintiffs, proposed FLSA Collective*
                                        *And Proposed Class Plaintiffs*


                                        John S Yong
                            _____
                                        John S. Yong
                            Law Office of John S. Yong, P.C.
                                39 East Broadway, Suite 503
                                    New York, NY 10002
                                    Tel: (212) 233-6668
                                    Fax: (212) 233-6107
                                Email: Johnsyong@gmail.com
                                        Bar #: JY1101